IN THE COUNTY COURT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO. 2010 CC 4166 71

NATALIE PAUL,

    Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
d/b/a CREDIT COLLECTION SERVICES,

    Defendant.

_____/

## COMPLAINT

NOW COMES the Plaintiff, NATALIE PAUL, by and through her attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, CREDIT CONTROL SERVICES, INC., d/b/a CREDIT COLLECTION SERVICES, and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72.

### PARTIES

2. Plaintiff, NATALIE PAUL ("Plaintiff"), is an individual who was at all relevant times residing in the County of Orange, State of Florida.

3. At all relevant times herein, Defendant, CREDIT CONTROL SERVICES, INC., d/b/a CREDIT COLLECTION SERVICES, ("Defendant") or ("CCS") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4. Defendant is a corporation that is authorized to do business in Orange County, Florida.

## JURISDICTION

5. This is an action seeking damages in excess of $5,000.00, but not to exceed $15,000.00, inclusive of attorneys' fees and court costs.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. CCS

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant has made at least one attempt to collect an alleged debt from the Plaintiff.

8. Defendant regularly collects debts from consumers such as the Plaintiff.

9. Beginning in December of 2009, Defendant's employees and agents have engaged in a pattern of harassment by way of repeated phone calls to Plaintiff in at attempt to collect the aforementioned alleged debt.

10. On or about January 15, 2010, Defendant called Plaintiff five (5) times. Two (2) of the calls were within less than one (1) minute of each other.

11. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

    a. Causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. §1692d(5); and

b.  Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

12. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

13. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in his daily routine thus warranting an award of emotional and/or mental anguish damages.

WHEREFORE, Plaintiff, NATALIE PAUL, by and through her attorneys, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Emotional and/or mental anguish damages;

c.  Statutory damages of $1,000.00;

d.  Plaintiff's attorneys' fees and costs;

e.  Any other relief deemed appropriate by this Honorable Court.

### COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST CCS

14. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

a.  Willfully communicating with the Plaintiff with such frequency as could reasonably be expected to harass her, or willfully engaged in other conduct which

could reasonably be expected to abuse or harass the Plaintiff in violation of Fla. Stat. §559.72(7); and

b.  Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

16. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, NATALIE PAUL, by and through her attorneys, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Emotional and/or mental anguish damages;

c.  Statutory damages of $1,000.00;

d.  Plaintiff's attorneys' fees and costs;

e.  Any other relief deemed appropriate by this Honorable Court.

### COUNT III
### COMMON LAW INVASION OF PRIVACY BY INTRUSION
### AGAINST CCS

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. Defendant's aforementioned violations of the FDCPA and FCCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's invasions, and this expectation was objectively reasonable under the circumstances

WHEREFORE, Plaintiff, NATALIE PAUL, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Plaintiff's attorneys' fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551